UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-10291-RWZ

FORWARD FINANCING, LLC

v.

BUSINESS GPS, LLC

MEMORANDUM OF DECISION

June 24, 2019

ZOBEL, S.D.J.

Plaintiff, Forward Financing, LLC, provides cash advances to merchant businesses in exchange for interest in future accounts and receivables. Defendant, Business GPS, LLC, provides debt negotiation and mitigation services.

Plaintiff alleges in a two-count complaint that defendant tortiously interfered with its client contracts (Count I) and that this conduct constituted unfair and deceptive business practice under Massachusetts General Laws chapter 93A, § 11 (Count II). Defendant has moved for summary judgment as to both counts.

I. **Factual Background**[1]

Plaintiff requires its clients to enter "Future Sales Receipts Agreements" with its clients, pursuant to which it provides immediate cash advances in exchange for a percentage of the clients' daily business receipts. These payments continue until the

---

[1] The undisputed facts are derived from defendant's Statement of Material Facts and plaintiff's response thereto. Docket ## 109 and 114.

first of either the contract's expiration or the repayment to plaintiff of an agreed-upon amount.[2]

Plaintiff and defendant share twelve clients identified in the complaint. Defendant admits that it worked with these clients to renegotiate their debt to plaintiff, but denies that its conduct rose to the level of tortious interference or any unfair and deceptive business practice.

## II. Legal Standard

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is 'genuine' for purposes of summary judgment if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party,' and a 'material fact' is one which 'might affect the outcome of the suit under the governing law.'" Poulis-Minott v. Smith, 388 F.3d 354, 363 (1st Cir. 2004) (quoting Hayes v. Douglas Dynamics, Inc., 8 F.3d 88, 90 (1st Cir. 1993)). The court reviews the record in the light most favorable to the nonmoving party. Podiatrist Ass'n, Inc. v. La Cruz Azul De P.R., Inc., 332 F.3d 6, 13 (1st Cir. 2003).

## III. Count I: Tortious Interference

To prove tortious interference with contract, plaintiff must establish that "(1) [it] had a contract with a third party; (2) the defendant knowingly interfered with that contract ...;

---

[2] Defendant previously asserted that these contracts are usurious because they require merchants to pay back the cash advance plus more than 20% interest. But, because a defendant may still be liable for tortious interference with a usurious contract, on July 28, 2017, I granted plaintiff's motion to strike that affirmative defense. See Docket # 33.

2

(3) the defendant's interference, in addition to being intentional, was improper in motive or means; and (4) the plaintiff was harmed by the defendant's actions." O'Donnell v. Boggs, 611 F.3d 50, 54 (1st Cir. 2010) (quoting Harrison v. NetCentric Corp., 744 N.E.2d 622, 632 (Mass. 2001)).

Defendant concedes that plaintiff had contracts with the mutual clients and that it was aware of these contracts, but argues that it is entitled to summary judgment because plaintiff cannot establish the third and fourth elements of their claim.

### A. Improper Motive or Means

Determining whether a defendant's motive or means were improper requires a case-by-case balancing of several factors, including, inter alia, the nature of defendant's conduct, the directness of the contractual interference, and the interests sought to be advanced by the defendant. See Pure Distributors, Inc. v. Baker, 285 F.3d 150, 157 (1st Cir. 2002); see also Restatement (Second) of Torts § 767 (1979). The context-sensitive nature of this inquiry and the sharp factual disputes regarding defendant's actions and intent preclude summary judgment in this case.

As a preliminary matter, defendant generally denies that it advised merchants to cease payments to plaintiff and breach their respective contracts. Yet plaintiff cites deposition testimony, as well as e-mails between defendant and the mutual clients, which suggest that defendant did counsel clients to halt such payments with the aim of obtaining a favorable debt renegotiation with plaintiff. See Docket # 114 at 5-7.

3

There are also triable issues of fact regarding defendant's alleged ill will towards plaintiff, specific targeting of plaintiff's clients, and active assistance with the breaches of contract. For example, plaintiff and defendant disagree as to the nature and extent of defendant's assistance with the mutual clients' legal defense costs when plaintiff resorted to legal action against them for breach of contract. See Melo-Tone Vending, Inc. v. Sherry, Inc., 656 N.E.2d 312, 315 (1995) (defendant's subsidization of third-party's legal costs is evidence of improper means). Such disputes concern factors central to the improper motive or means analysis and, on the summary judgment record, a reasonable jury could find that plaintiff has established this third element of tortious interference. Accordingly, defendant's argument for summary judgment on this basis fails.

### B. Damages

Defendant next argues that summary judgment should enter because plaintiff cannot establish harm. Specifically, defendant argues that plaintiff has failed to introduce "actual facts that would tend to prove that any of [the mutual] customers would have continued to make payments to it, as well as the amount of those payments." Docket # 108 at 11-12.

Defendant asserts that its clients were in "dire financial straits" and, to be sure, the extent to which the mutual clients could afford to make future payments absent defendant's conduct may be an issue explored at trial. Docket # 108 at 8. But plaintiff's account statements suggest that at least several mutual clients were making daily payments until they retained the defendant, see Docket # 114-7, and the court is thus

4

satisfied that plaintiff has introduced enough evidence of damage to survive summary judgment.

### IV. Count II: 93A

Plaintiff's 93A claim is based on defendant's allegedly tortious interference and is thus derivative of Count I. For the same reasons that defendant's motion for summary judgment on Count I fails, so too does its motion with respect to Count II.

### V. Conclusion

Defendant's motion for summary judgment (Docket # 107) is DENIED.


_____June 24, 2019_____          _____/s/Rya W. Zobel_____
        DATE                                                                   RYA W. ZOBEL
                                                                                 SENIOR UNITED STATES DISTRICT JUDGE